Exhibit A

DECLARATION OF CONSTANCE YUEN

I, Constance Yuen hereby declare as follows:

1.  I am employed by the United States Department of Homeland Security ("DHS"), U.S.
    Citizenship and Immigration Services ("USCIS"), formerly known as the Immigration
    and Naturalization Service ("INS"). I am employed as the Ombudsman/District
    Adjudication Officer at the San Francisco District Office. I have been employed by the
    Department of Homeland Security (formerly Department of Justice), USCIS since May
    1980. During that time I have worked as an Inspector and as a District Adjudication
    Officer.

2.  This declaration is submitted in support of Defendants' motion for summary judgment.
    This declaration provides a factual summary of the agency's adjudication policy as well
    as a review of the plaintiff's file.

3.  When a visa petition or other application seeking an immigration benefit on behalf of
    an alien is filed with USCIS, the agency conducts numerous mandatory criminal and
    national security background checks. These checks are conducted both to enhance
    national security and ensure the integrity of the immigration process. These security
    and background checks serve to screen out aliens who may seek to harm the United
    States and its citizens or who may be seeking immigration benefits improperly or
    fraudulently. These security checks have yielded information about applicants
    involved in violent crimes, sex crimes, crimes against children, drug trafficking and
    individuals with known links to terrorism. Pursuant to established agency policy, all
    required security checks must be completed prior to adjudication of the application.

4.  The attached Fact Sheet explains the different types of checks that must be completed. (See Fact Sheet, dated April 25, 2006, a true and correct copy of which is attached hereto as Exhibit 1). The checks include the FBI Name Check, FBI fingerprint check, and the DHS-managed Interagency Border Inspection System (IBIS). The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies. Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly. The IBIS system contains records and information from more than 20 federal law enforcement and intelligence agencies including the Central Intelligence Agency (CIA), FBI and other divisions of the U.S. Department of Justice, the Department of State, DHS Customs and Border Protection (CBP) and other DHS agencies. It is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risks, public safety concerns, and other law enforcement concerns. IBIS provides, but is not limited to, information related to persons who are wanted criminals, persons of interest in the context of national security, and other derogatory information, including adverse immigration history. While the results of an IBIS query are usually available immediately, in some cases information found will require further investigation. Finally, FBI fingerprint checks provide information relating to criminal background within the United States. Results are usually received within days and while the vast majority result in no criminal record, positive results may have a direct bearing on the eligibility of an applicant for the immigration benefit being sought.

5.   As of April 01, 2005, the San Francisco District Office no longer accepted Family-based
     I-485 applications and related forms (I-130, I-765, I-131) at the local field office.
     Pursuant to the Direct Mail instructions, these applications are filed at the Lockbox in
     Chicago, Illinois and then forwarded to the National Benefits Center (NBC) located at
     Lee's Summit, Missouri for preliminary processing.

6.   The Lockbox is a post office box used to accelerate the collection of applications and
     petitions, as well as electronically capturing data and images and performing fee
     receipting and fee deposit.

7.   The I-485 and its related forms filed at the NBC are assigned a "MSC" receipt number
     (MSC stands for Missouri Service Center, the former name of the NBC).

8.   The I-485 and its related forms are entered into The Interim Case Management Solution
     (ICMS) - a national web-based fronted-end to the CLAIMS 3 LAN system tracking
     system that allows data changes as well as adjudicative actions to be performed.

9.   Once USCIS receives an I-485, an A-file is created (or existing file requested), and an
     electronic record of that application is created.  The generation of an FBI name check is
     automated - the electronic transmission of an FBI name check request is through
     FBIQUERY, the FBI repository and tracking system for FBI Name Check and fingerprint
     check requests.

10.  Once an acceptable fingerprint (FP) response is received and the FBI name check has
     been initiated, the case is scheduled for an interview at the local office.  The A-file is then
     transferred to the appropriate local office.

3

11.     If, upon the completion of the interview at the local office, an application is otherwise
        approvable, but all the background checks are not completed, the application is placed on
        a pending background check shelf.

12.     FBI name check requests that have been received by the FBI but have not yet been
        completed are indicated by a notation of "Pending" in FBIQUERY. An FBI Name
        Check that has been completed will be indicated by various entries depending on the
        result, including No Record, Positive Response, etc.

13.     Our reports will also identify those I-485 applications that have received a "No Data" or
        "Error" response in FBIQUERY indicating a problem with transmission of the name
        check request from USCIS to the FBI. If such a problem is reported, the FBI name check
        requests will then be initiated a second time and resent manually or electronically to the
        FBI for a response. In this way USCIS ensures that the FBI has in fact received all
        requests for name checks.

14.     All files on the FBI Name Check Shelf are audited regularly in order to identify those in
        which a response from the FBI has been received. This audit is conducted at least every
        week. In this manner the agency ensures that as FBI responses are received, files are
        expeditiously released for adjudication. FBIQUERY reports do not provide USCIS with
        any indication as to what information the FBI may have relating to a particular alien,
        whether an FBI investigation into the particular alien has been undertaken, or whether
        there are national security concerns relating to that alien.

15.     For most applicants, USCIS can quickly determine if there are criminal or security related
        issues in the applicant's background that affect eligibility for immigration benefits.
        However, due both to the sheer volume of security checks USCIS conducts, and the fact

                                              4

that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. Moreover, in some cases a background or security check will reveal that positive (derogatory) information on the subject alien is possessed by some agency other than USCIS without necessarily revealing the substance of that information. In such cases, USCIS works closely with the other law enforcement or intelligence agencies to obtain all available information concerning the positive result in order to properly evaluate its significance. Even where the FBI or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

16.    Prior to December 21, 2006, USCIS accepted the filing of a mandamus lawsuit as a criterion for expediting security checks. However, as of December 21, 2006, that policy has changed and the agency will no longer seek to expedite required security checks based on the filing of a mandamus action.

17.    USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form type due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may

require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

18.     The FBI has an established process of processing FBI Name Check requests from USCIS chronologically based on the date the request is forwarded. As stated above, certain requests can be expedited if they meet specific expedite criteria. However, it is important to note that whenever a particular application or petition receives expedited processing and is moved up in the queue, it is at the expense of those still unadjudicated petitions or applications that bear an earlier filing date. There is no statutory or regulatory time limit for the adjudication of I-485s. Moreover, an alien who has applied for adjustment of status may apply for and obtain employment authorization for the entire time his or her application is pending. Most applicants for adjustment of status may also apply for and obtain advance parole to enable them to travel abroad during the pendency of their application. Thus, applicants for adjustment of status are not as adversely affected by delays in the adjudication of their applications as are aliens filing for other immigration benefits.

19.     In my capacity as the Ombudsman / District Adjudication Officer of USCIS, I have access to the official files and records of the USCIS. I have reviewed the system records for plaintiff Samuel Panaya CLAYTON, A089 326 597. The record reflects that on August 14, 2006, plaintiff CLAYTON filed an application for adjustment of status on

Form I-485. Plaintiff applied for adjustment of status under Section 245 of the
Immigration and Nationality Act ("INA"), based on his marriage to Kila Melenbacker
BATES, a United States citizen. A Petition for Alien Relative, Form I-130, filed by
BATES was submitted in conjunction with the I-485 application and the visa petition was
approved on November 14, 2006. On August 22, 2006, a FBI Name Check was
submitted electronically to the FBI. To date, that adjustment application remains pending
the completion of security checks. Once the required security checks are completed, the
plaintiff's application will be adjudicated. Because the plaintiff's case does not meet one
of the above-mentioned expedite criteria, the agency is unable to request expedite
security check clearance on his/her behalf. For this reason the USCIS is unable to
adjudicate plaintiff's I-485 application for adjustment of status until such time when all
security checks are complete.

I declare under penalty of perjury that the foregoing is true and correct. Executed this
fifth day of September, 2007 at San Francisco, California.

_Constance Yuen_

Constance Yuen
Ombudsman/District Adjudication Officer
San Francisco

Press Office
**U.S. Department of Homeland Security**



U.S. Citizenship
and Immigration
Services

Fact Sheet

April 25, 2006

# Immigration Security Checks—How and Why the Process Works

**Background**

All applicants for a U.S. immigration benefit are subject to criminal and national security background checks to ensure they are eligible for that benefit. U.S. Citizenship and Immigration Services (USCIS), the Federal agency that oversees immigration benefits, performs checks on every applicant, regardless of ethnicity, national origin or religion.

Since 2002, USCIS has increased the number and scope of relevant background checks, processing millions of security checks without incident. However, in some cases, USCIS customers and immigrant advocates have expressed frustration over delays in processing applications, noting that individual customers have waited a year or longer for the completion of their adjudication pending the outcome of security checks. While the percentage of applicants who find their cases delayed by pending background checks is relatively small, USCIS recognizes that for those affected individuals, the additional delay and uncertainty can cause great anxiety. Although USCIS cannot guarantee the prompt resolution of every case, we can assure the public that applicants are not singled out based on race, ethnicity, religion, or national origin.

USCIS strives to balance the need for timely, fair and accurate service with the need to ensure a high level of integrity in the decision-making process. This fact sheet outlines the framework of the immigration security check process, explaining its necessity, as well as factors contributing to delays in resolving pending cases.

**Why USCIS Conducts Security Checks**

USCIS conducts security checks for all cases involving a petition or application for an immigration service or benefit. This is done both to enhance national security and ensure the integrity of the immigration process. USCIS is responsible for ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens by screening out people who seek immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. These investigations require time, resources, and patience and USCIS recognizes that the process is slower for some customers than they would like. Because of that, USCIS is working closely with the FBI and other agencies to speed the background check process. However, USCIS will never grant an immigration service or benefit before the required security checks are completed regardless of how long those checks take.

## How Immigration Security Checks Work

To ensure that immigration benefits are given only to eligible applicants, USCIS adopted background security check procedures that address a wide range of possible risk factors. Different kinds of applications undergo different levels of scrutiny. USCIS normally uses the following three background check mechanisms but maintains the authority to conduct other background investigations as necessary:

- **The Interagency Border Inspection System (IBIS) Name Check—** IBIS is a multiagency effort with a central system that combines information from multiple agencies, databases and system interfaces to compile data relating to national security risks, public safety issues and other law enforcement concerns. USCIS can quickly check information from these multiple government agencies to determine if the information in the system affects the adjudication of the case. Results of an IBIS check are usually available immediately. In some cases, information found during an IBIS check will require further investigation. The IBIS check is not deemed completed until all eligibility issues arising from the initial system response are resolved.

- **FBI Fingerprint Check—**FBI fingerprint checks are conducted for many applications. The FBI fingerprint check provides information relating to criminal background within the United States. Generally, the FBI forwards responses to USCIS within 24-48 hours. If there is a record match, the FBI forwards an electronic copy of the criminal history (RAP sheet) to USCIS. At that point, a USCIS adjudicator reviews the information to determine what effect it may have on eligibility for the benefit. Although the vast majority of inquiries yield no record or match, about 10 percent do uncover criminal history (including immigration violations). In cases involving arrests or charges without disposition, USCIS requires the applicant to provide court certified evidence of the disposition. Customers with prior arrests should provide complete information and certified disposition records at the time of filing to avoid adjudication delays or denial resulting from misrepresentation about criminal history. Even expunged or vacated convictions must be reported for immigration purposes.

- **FBI Name Checks—**FBI name checks are also required for many applications. The FBI name check is totally different from the FBI fingerprint check. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement. Initial responses to this check generally take about two weeks. In about 80 percent of the cases, no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months. Some of these cases involve complex, highly sensitive information and cannot be resolved quickly. Even after FBI has provided an initial response to USCIS concerning a match, the name check is not complete until full information is obtained and eligibility issues arising from it are resolved.

For most applicants, the process outlined above allows USCIS to quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. Most cases proceed forward without incident. However, due to both the sheer volume of security checks USCIS conducts, and the need to ensure that each applicant is thoroughly screened, some delays on individual applications are inevitable. Background checks may still be considered pending when either the FBI or relevant agency has not provided the final response to the background check or when the FBI or agency has provided a response, but the response requires further investigation or review by the agency or USCIS. Resolving pending cases is time-consuming and labor-intensive; some cases legitimately take months or even

**Immigration Security Checks—How and Why the Process Works**

several years to resolve.  Every USCIS District Office performs regular reviews of the pending caseload to determine when cases have cleared and are ready to be decided.  USCIS does not share information about the records match or the nature or status of any investigation with applicants or their representatives.