IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CLAYTON, | No. C-07-2781 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Defendants. | |

Pro se Plaintiff Sam Clayton moves for [summary judgment on his claim for] an order compelling Defendants to adjudicate his application for adjustment of immigration status. Defendants oppose Plaintiff's motion and cross-move for summary judgment. The matter was heard on September 27, 2007. Having considered the oral argument and all of the papers filed by the parties, the Court denies Plaintiff's motion for summary judgment and grants Defendants' cross-motion for summary judgment.

BACKGROUND

On August 14, 2006, Plaintiff submitted an I-485 application with the U.S. Citizenship and Immigration Services (USCIS) seeking

1 adjustment of his immigration status to lawful permanent resident.
2 As part of its review of Plaintiff's application, on August 22,
3 2006, the USCIS submitted Plaintiff's name to the Federal Bureau of
4 Investigation (FBI) for a background security check.  The FBI has
5 not yet completed this background check, and the USCIS has not
6 provided an estimate of when it expects the check will be
7 completed.  Plaintiff's application is currently pending, and will
8 be adjudicated once the USCIS receives the results of the FBI's
9 background check.

## LEGAL STANDARD

11 Summary judgment is properly granted when no genuine and
12 disputed issues of material fact remain, and when, viewing the
13 evidence most favorably to the non-moving party, the movant is
14 clearly entitled to prevail as a matter of law.  Fed. R. Civ.
15 P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
16 Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
17 1987).

18 The moving party bears the burden of showing that there is no
19 material factual dispute.  Therefore, the court must regard as true
20 the opposing party's evidence, if supported by affidavits or other
21 evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
22 F.2d at 1289.  The court must draw all reasonable inferences in
23 favor of the party against whom summary judgment is sought.
24 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
25 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
26 1551, 1558 (9th Cir. 1991).

27 Where the moving party does not bear the burden of proof on an

2

issue at trial, the moving party may discharge its burden of production by either of two methods. Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Id.

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

3

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. Id.; see also Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991). Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case. UA Local 343, 48 F.3d at 1471. The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." Id. This standard does not change merely because resolution of the relevant issue is "highly fact specific." Id.

## DISCUSSION

I.  Proper Parties to This Action

In addition to the United States, the caption of Plaintiff's complaint names five individuals and three federal agencies as Defendants in this action: Michael Chertoff, Secretary of the U.S. Department of Homeland Security (DHS); Eduardo Aquire, Director of the USCIS; David Still, Deputy District Director of the USCIS's San Francisco Office; Robert Mueller, Director of the FBI; the Attorney General of the United States; and the DHS, USCIS and FBI themselves.[1] Defendants argue that as the head of the DHS, the agency within which the USCIS is located, Secretary Chertoff is the

---

[1] The "Parties" section of the complaint refers only to Defendants Chertoff, Aquire, Still, and Muller.

4

only appropriate defendant in this case.

In support of their argument, Defendants cite only two cases, Konchitsky v. Chertoff, 2007 WL 2070325 (N.D. Cal.), and Dmitriev v. Chertoff, 2007 WL 1319533 (N.D. Cal.). As here, both cases involve challenges to lengthy delays in the USCIS's processing of I-485 applications. Contrary to Defendants' assertions, Kochitsky actually works against their argument that Secretary Chertoff is the only proper defendant. In that case, the court allowed the plaintiff to maintain his claims not only against Secretary Chertoff, but also against the director of the USCIS and the acting director of the USCIS's California Service Center. 2007 WL 2070325 at *7. Equivalent USCIS officers are named as Defendants here.

While Dmitriev did dismiss the director of the USCIS, retaining only Secretary Chertoff as a defendant, it did so with little discussion and without citing any legal authority. 2007 WL 1319533 at *4. The case is also at odds with the Administrative Procedure Act (APA), which provides that an action for judicial review of an agency's action "may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. Kochitsky and other cases have permitted actions to go forward against more than one of these defendants at a time. See, e.g., Dong v. Chertoff, 2007 WL 2601107 (N.D. Cal.); Fu v. Gonzales, 2007 WL 1742376 (N.D. Cal.); see also Computerware, Inc. v. Knotts, 626 F. Supp. 956, 960 (E.D.N.C. 1986) ("When an instrumentality of the United States is the real defendant, the plaintiff should have the option of naming as defendant the United States, the agency by its official title,

5

appropriate officers, or any combination of them.") (quoting the House Report on the 1976 amendment of 5 U.S.C. § 703).

Here, Plaintiff names as Defendants the United States and two of its agencies with responsibility for acting on his I-485 application: the USCIS and its parent agency, the DHS. He also names three officers within these agencies: Michael Chertoff, Eduardo Aquire, and David Still. While the APA does not specify in detail who the "appropriate officer" is in a challenge to an agency action, the Court finds that these officers, as higher-level administrators, fall within the statute's ambit.

All of the DHS/USCIS Defendants are therefore proper parties under the APA. While suing more than one of them may serve no practical purpose in this case, allowing the action to go forward against multiple instrumentalities of the United States will not prejudice the government, either. The Court is not persuaded by the arguments in favor of dismissing any of these parties, and Defendants' motion is denied with respect to them.

The analysis is different when it comes to the FBI and its director, Robert Mueller. Although the FBI is responsible for conducting Plaintiff's background check, it is not housed within the DHS or the USCIS, which are charged with acting on Plaintiff's I-485 application. Konchitsky noted that courts squarely addressing the issue have "overwhelmingly concluded" that the APA does not confer jurisdiction over the FBI in connection with an action for judicial review of the USCIS's failure to act on an adjustment of status application. 2007 WL 2070325 at *6. Thus, the court dismissed Director Mueller as a defendant while

6

permitting the action to continue against the DHS and USCIS defendants. The Court finds the reasoning in <u>Konchitksy</u> persuasive, and dismisses the claims against Defendant Mueller and the FBI.

Similarly, although the U.S. Attorney General formerly bore responsibility for implementing the Immigration and Nationality Act, this responsibility has resided in the Secretary of the Department of Homeland Security since March 1, 2003. <u>See</u> 6 U.S.C. §§ 271(b)(5), 557. As with Director Mueller, the Attorney General has no statutory obligation or authority to adjudicate Plaintiff's I-485 petition. Therefore, the claims against the Attorney General are dismissed as well.

II. The Court's Power to Compel Defendants to Act

Defendants argue that the Court may not force them to act on Plaintiff's I-485 application because adjustment of status is a discretionary, non-discrete action that cannot be compelled under either the federal mandamus statute or the APA.

The standard for relief under the Mandamus Act and § 706 of the APA is for all practical purposes the same. <u>R.T. Vanderbilt Co. v. Babbitt</u>, 113 F.3d 1061, 1065 (9th Cir. 1997). Mandamus is an extraordinary remedy pursuant to which a court may compel an officer of the government "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Ninth Circuit has held that mandamus is available when: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." <u>Idaho Watersheds Project v. Hahn</u>,

7

307 F.3d 815, 832 (9th Cir. 2002).

Under § 706(1) of the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA further provides that agencies must conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). In Norton v. South Utah Wilderness Alliance, 542 U.S. 55, 64 (2004), the Supreme Court held that a plaintiff states a claim for relief under § 706(1) when he "asserts that an agency failed to take a discrete agency action that it is required to take."

Defendants correctly note that the Immigration and Naturalization Act (INA) gives the Secretary of the DHS the discretion to adjust an applicant's status, and that neither the Act nor applicable regulations impose a particular time-frame on his decision. See 8 U.S.C. § 1255(a); 8 C.F.R. § 245 et seq. However, even though the outcome and procedural underpinnings of an I-485 adjudication are left to the discretion of the Secretary, a number of courts in this District have held, and Defendants apparently acknowledge, that the Secretary does not have the discretion to refuse to adjudicate the application altogether. See Toor v. Still, 2007 WL 2028407 at *1 (N.D. Cal.) (collecting cases). Put simply, "there is a difference between the [USCIS's] discretion over *how* to resolve an application and the [USCIS's] discretion over *whether* it resolves an application." Singh v. Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (emphasis in original). Plaintiff does not seek an order mandating that his status be adjusted; he requests only that the Court compel the Secretary to discharge his duty to adjudicate Plaintiff's

8

application without unreasonable delay.

Similarly, while Defendants argue that the FBI must be allowed to exercise discretion in determining the way in which it conducts background checks, granting summary judgment in Plaintiff's favor would not amount to dictating to the FBI how to conduct those checks. Indeed, the Court has already concluded that the FBI Defendants are not proper parties to this action, and any potential order would bind only the DHS/USCIS Defendants. It would be up to these Defendants to determine how best to comply with an order compelling them to fulfill their obligations under the INA.

In a similar action in which the plaintiffs requested an order compelling the USCIS to process their I-485 applications promptly, this Court recently concluded that issuing such an order would not impermissibly interfere with the agency's discretion. Yu v. Chertoff, 2007 WL 1742850 (N.D. Cal.). In that decision, the Court rejected arguments similar to the ones Defendants now make, including that the Court lacked subject matter jurisdiction over the petition because adjustment of status is committed to the DHS Secretary's discretion as a matter of law. The Court acknowledged that some courts outside this District have found that the speed with which the USCIS adjudicates I-485 applications is discretionary and not subject to judicial review. Id. at *2. But the Court aligned itself with other courts within the District that have concluded that they could compel the government to process an unreasonably delayed immigration petition. Id.; see also, e.g., Quan v. Chertoff, 2007 WL 1655601 (N.D. Cal.); Baker v. Still, 2007 WL 1393750 (N.D. Cal.). Defendants cite no precedent sufficient to

9

persuade the Court to take a different position here than it did in Yu.

Defendants' point that they are not statutorily obligated to adhere to any particular time-frame in adjudicating I-485 applications is well-taken. It is true that the USCIS's discretion to set the procedures by which it adjudicates these applications gives it some flexibility in determining the timing of a decision. Nonetheless, each adjudication must ultimately be completed within a reasonable amount of time. To accept Defendants' argument that timing is always a matter of discretion beyond the Court's power to intervene would enable them to avoid judicial review even of adjudications that were postponed indefinitely. This would eviscerate § 706(1) of the APA, which clearly gives the Court the power to "compel agency action . . . unreasonably delayed."

As explained in Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999), "although neither [governing] statute specifies a time by which an adjudication should be made, we believe that by necessary implication the adjudication must occur within a reasonable time. A contrary position would permit the INS to delay indefinitely. Congress could not have intended to authorize potentially interminable delays." Accordingly, the Court finds that it has the authority under the Mandamus Act and the APA to compel Defendants to adjudicate promptly Plaintiff's petition for adjustment of status.

Defendants also argue that the Court may not grant Plaintiff's requested relief because the action he seeks to compel is not "discrete." They assert that he asks the Court to compel "multiple

10

actions, including completion of his name check by the FBI and the pace at which USCIS issues a decision once his name check is complete." This argument is not persuasive. It is true that multiple steps are involved in the course of adjudicating an application for adjustment of status. Yet just as matter can be split down to the atom, any agency action can be cast as the sum of smaller parts.

Norton, upon which Defendants exclusively rely in support of their argument, merely precludes a plaintiff from bringing a "broad programmatic attack" on an agency under § 706(1) of the APA. 542 U.S. at 64. Plaintiff does not seek wholesale reform of the process by which USCIS adjudicates I-485 petitions; he merely seeks an adjudication of his individual application. His claim meets Norton's requirement that it be directed "against some particular 'agency action' that causes [him] harm." Accordingly, the Court finds that the action Plaintiff seeks to compel is sufficiently "discrete" to be subject to review under § 706 of the APA.

III. Reasonableness of Defendants' Delay

As discussed above, the Court finds that USCIS has a non-discretionary duty to process Plaintiff's I-485 application within a reasonable amount of time. The question then becomes whether USCIS's delay of more than one year is reasonable under the circumstances.

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." Gelfer v. Chertoff, 2007 WL 902382 at *2 (N.D. Cal.) (quoting Yu v. Brown, 36 F. Supp. 2d at 932). In

11

determining whether there has been unreasonable delay in processing an application for adjustment of immigration status, courts typically look "to the source of the delay - e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh, 470 F. Supp. 2d at 1068.

Many of the cases in which summary judgment has been granted in favor of a plaintiff seeking adjudication of an I-485 application involve facts similar to those here. In nearly every case, the delay in processing the application was due to an uncompleted FBI background check. Courts in this district have found that, under normal circumstances, a delay of approximately two years due to an uncompleted FBI background check is unreasonable as a matter of law. See Dong, 2007 WL 2601107; Huang v. Chertoff, 2007 WL 1831105 (N.D. Cal.).

Defendants assert that the background check is a complex process that is vital to maintaining national security. They also point to the FBI's limited resources and maintain that the USCIS is making every effort to address the delay. The Court accepts that these considerations rightly factor into an evaluation of the reasonableness of Defendants' delay. However, Defendants cannot simply point to a pending FBI background check to establish that any delay in processing an I-485 application is reasonable. National security interests and the complexity of the background check process can only excuse reasonable delay. Defendants have provided no particularized facts to suggest that these concerns apply with special force to Plaintiff's application or that his

12

name check is otherwise subject to special circumstances. Moreover, the USCIS is not without the power to speed up the adjudication of Plaintiff's application.  Indeed, the agency maintains a policy whereby it may request that the FBI expedite a particular name check if certain criteria are met.  (Yuen Decl. ¶ 18.)[2]  This suggests that promptly completing the adjudication of Plaintiff's application is not the difficult task Defendants portray it to be.

Still, while these considerations weigh against granting Defendants' motion, Plaintiff's application was submitted just over one year ago.  The Court is not aware of any case in which a delay of this length has been found unreasonable as a matter of law.  The delay may very well become unreasonable if Defendants do not act upon Plaintiff's application in the foreseeable future.  However, based on precedent and the record before it, the Court cannot conclude that Plaintiff is presently entitled to an order compelling Defendants to act immediately.  The Court therefore denies Plaintiff's motion for summary judgment and grants Defendants' cross-motion for summary judgment.  Plaintiff is advised, however, that he may file another action seeking similar relief should Defendants' delay extend beyond the bounds of reasonableness.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary

---

[2] Formerly, one of these criteria was met when an applicant filed a federal lawsuit seeking mandamus or similar relief.  (Id. at ¶ 16.)

13

judgment is DENIED and Defendants' cross-motion for summary judgment is GRANTED.  Judgment for Defendants shall enter accordingly.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: __10/1/07_____     _____
                                       CLAUDIA WILKEN
                                       United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SAM CLAYTON,

       Plaintiff,

  v.

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY et al,

       Defendant.

Case Number: CV07-02781 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ila Casy Deiss
United States Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Sam Clayton
1049 Market St. #203
San Francisco, CA 94103

Dated: October 1, 2007

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk